**IT IS ORDERED as set forth below:**



**Date: May 20, 2020**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | : |
| | : CASE NO. **19-52597-PMB** |
| **NOVAMED SUPPLIERS, LLC,** | : |
| | : CHAPTER 7 |
| Debtor. | : |
| | : |
| **CATHY L. SCARVER,** | : |
| **Chapter 7 Trustee for The Estate of** | : |
| **NovaMed Suppliers, LLC,** | : |
| | : |
| Plaintiff, | : |
| | : ADVERSARY PROCEEDING |
| v. | : |
| | : NO. **20-6007** |
| **SYNCHRONIS MEDICAL, LLC,** | : |
| **And RESOURCE OPTIMIZATION** | : |
| **& INNOVATION, LLC,** | : |
| | : |
| Defendants. | : |
| | : |

**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY
DISMISSAL OF CLAIMS AGAINST RESOURCE OPTIMIZATION
& INNOVATION, LLC WITHOUT PREJUDICE AND DENYING MOTION TO
<u>DISMISS OF RESOURCE OPTIMIZATION & INNOVATION, LLC AS MOOT</u>**

Before the Court is *Plaintiff's Motion for Voluntary Dismissal of Claims Against Resource Optimization & Innovation, LLC, Without Prejudice, and Response to Motion to Dismiss*, filed by Cathy L. Scarver, as Chapter 7 Trustee (the "Plaintiff") for the Estate of NovaMed Suppliers, LLC (the "Debtor"), on March 19, 2020 (Docket No. 23)(the "Plaintiff's Motion to Dismiss").[1]  Also before the Court is *Resource Optimization & Innovation, LLC's Motion to Dismiss* filed by Defendant Resource Optimization & Innovation, LLC ("ROi") on March 5, 2020, along with ROi's *Memorandum of Law in Support of its Motion to Dismiss* (Docket No. 14)("ROi's Motion to Dismiss"), in which ROi seeks a dismissal of the claims asserted against it in the Complaint with prejudice.

Federal Rule of Civil Procedure 41(a)(1)(A)(i), applicable herein through Federal Rule of Bankruptcy Procedure 7041, provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment…."  Here, the Plaintiff seeks a voluntary dismissal of her claims against ROi without prejudice.  ROi has filed no answer[2] or motion for summary judgment, and under Fed.R.Civ.P. 41(a)(1) the Plaintiff has the right to dismiss her claims[3] against ROi at this

---

[1] The Plaintiff commenced this Adversary Proceeding through the filing of a *Complaint* against Synchronis Medical, LLC ("Synchronis") and ROi as party defendants on January 13, 2020 (Docket No. 1)(the "Complaint").   Synchronis filed an *Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint of Synchronis Medical LLC* in which it asserted counterclaims and third party claims against Counter-Defendant NovaMed Suppliers, LLC and Third-Party Defendant GHC Healthcare, Inc. f/k/a Global Healthcare Partners, L.P. on March 5, 2020 (Docket No. 15).

[2] The fact that Synchronis filed an answer does not preclude the voluntary dismissal of the Plaintiff's claims against ROi in this action. *Terry v. Pearlman,* 42 F. R. D. 335, 337 (D. Mass. 1967)(citation omitted).

[3] Although an "action" is different from a claim, "where Rule 41 speaks of an 'action,' this means all of the claims against any one defendant, and not necessarily all of the claims against all defendants."   *Leroux v. Lomas & Nettleton Co*., 626 F.Supp. 962, 966 (D. Mass. 1986), citing *Terry v. Pearlman, supra*, 42 F.R.D. at 337; *see also Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.,* 474 F.2d 250, 254–255 (5th Cir. 1973).   *Compare Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 697 (D. Utah 2015); *accord Augusta Nat'l, Inc. v. Green Jacket Auctions, Inc.*, No. CV 117-096, 2018 WL 1370615, at *2 (S.D. Ga. Mar. 16, 2018)("Rule 41 allows a plaintiff to dismiss all of his

stage. In addition, ROi has filed no response to the Plaintiff's Motion to Dismiss requesting a dismissal without prejudice, so it is deemed to be unopposed. *See* BLR 7007-1(c). Rule 41(a)(1)(B) also provides generally that, unless the notice states otherwise, a voluntary dismissal by notice is without prejudice. *See* Fed.R.Civ.P. 41(a)(1)(B).

As noted above, ROi previously filed ROi's Motion to Dismiss, in which it seeks a dismissal of the Plaintiff's claims under Fed.R.Civ.P. 12(b)(6), applicable herein through Fed.R.Bankr.P. 7012, with prejudice. The relief sought in the Plaintiff's Motion to Dismiss, however, is not extinguished by ROI's Motion to Dismiss because "the filing of a motion to dismiss for failure to state a claim does not affect a plaintiff's right to voluntarily dismiss his case." *West v. American Fresh Foods, L.P.,* No. 7:10-91 HLL, 2011 WL 63563, at *1 (M.D. Ga. Jan. 4, 2011)(citations omitted).[4]

In view of the foregoing, the Court concludes that the Plaintiff's claims against ROi can be dismissed by the Plaintiff without prejudice under Fed.R.Civ.P. 41(a)(1). Further, even if the Plaintiff's Motion to Dismiss was considered under Fed.R.Civ.P. 41(a)(2), dismissal without prejudice would be appropriate based on the discretion allowed under Fed.R.Civ.P. 41(a)(2) and

---

claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action."), quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004), citing *State Treasurer v. Barry*, 168 F.3d 8, 19 n.9 (11th Cir. 1999). Moreover, "Rule 41(a)(2) provides that a court may grant a voluntary dismissal on such terms as it considers proper...[and] may include fewer than all defendants as long as all claims are dismissed against each affected defendant." *S. Bank & Tr. Co. v. Laburnum Hotel Partners, LLC*, No. 2:13CV216, 2014 WL 3052535, at *5 (E.D. Va. July 3, 2014)(citations omitted).

[4] *See also Davis v. Ocwen Loan Servicing, LLC,* No. 1:13-CV-1985-TWT, 2013 WL 6061597, at *1 (N.D. Ga. Nov. 15, 2013)(citations omitted)("Courts in this circuit and others have found that a defendant's filing of a motion to dismiss under Rule 12(b) does not affect a plaintiff's right to dismiss an action voluntarily, with the exception of a 12(b)(6) motion converted to a motion for summary judgment."). On review of ROi's Motion to Dismiss, it has not been converted to a motion for summary judgment because it does not contain matters that are outside the pleadings that were either submitted to, or considered by, the Court. *See Trustmark Ins. Co. v. ESLU, Inc*., 299 F.3d 1265, 1267 (11th Cir. 2002). *See also* Fed.R.Civ.P. 12(d).

the presumption of a dismissal without prejudice provided in Fed.R.Civ.P. 41(a)(2). *See also Perez v. MONY Life Ins. Co.*, No. 8:18-CV-2123-T-JSS, 2019 WL 5394167, at *3 (M.D. Fla. June 20, 2019), citing *Engle v. Celadon Group, Inc.*, 2017 WL 6387780, at *2 (M.D. Fla. Dec. 14, 2017)(citations omitted)(declining to impose conditions or costs on plaintiff who sought dismissal without prejudice at early stage of litigation).

Accordingly, it is **ORDERED** that the Plaintiff's Motion to Dismiss, construed herein as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, is **GRANTED**, and the claims asserted in this action by the Plaintiff against Defendant ROi are **DISMISSED WITHOUT PREJUDICE**.   It is further

**ORDERED** that ROi's Motion to Dismiss is **DENIED as moot**.

The Clerk is directed to serve a copy of this Order upon counsel for the Chapter 7 Trustee, counsel for Defendant ROi, counsel for Synchronis Medical, LLC, counsel for Global Healthcare, Inc. f/k/a Global Heathcare Partners, L.P., and the United States Trustee.

**[END OF ORDER]**